IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDA MICHAEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-10-1064-F |
| | ) |
| MILLICENT NEWTON-EMBRY | ) |
| WARDEN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION REGARDING
THE CLAIMS AGAINST MR. MIKE MURRY**

The Plaintiff has asserted claims under 42 U.S.C. § 1983 and state law. However, Ms. Michael has failed to timely serve Mr. Mike Murry with the amended complaint. Consequently, the Court should dismiss without prejudice all of the claims against this defendant.

A plaintiff must serve each defendant with a summons and a copy of the complaint. *See* Fed. R. Civ. P. 4(c)(1).[1] Ordinarily, the Plaintiff would have 120 days from the filing of the complaint in which to serve each defendant. *See* Fed. R. Civ. P. 4(m).

Ms. Michael filed the original complaint on September 29, 2010, naming Mr. Murry among the defendants. On October 6, 2010, the Court authorized service, triggering the 120-

---

[1] Although Ms. Michael appears *pro se*, she "is still obligated to follow the requirements of Fed.R.Civ.P. 4." *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993) (citation omitted).

day deadline under Federal Rule of Civil Procedure 4(m).[2] This deadline expired on February 3, 2011.

The Plaintiff filed an amended complaint on January 5, 2011. *See supra* p. 1. Mr. Murry was again named as a defendant.

The Court warned Ms. Michael that: (1) service on any individual named in both the original and amended complaint was due February 3, 2011, and (2) the "failure to timely file proof of service on a given defendant could result in involuntary dismissal without prejudice of such defendant." Order (Jan. 7, 2011).

On February 8, 2011, Ms. Michael stated that she could not locate Mr. Murry but "no longer require[d] an extension of time." Plaintiffs [sic] Notice Fed. R. Civ. P. 4(l) Proof of Service (Feb. 8, 2011). The deadline for serving Mr. Murry expired over three months ago.

Because Ms. Michael has expressly disavowed any need for more time and the 120-day deadline has passed, Rule 4(m) requires dismissal without prejudice of all claims against Mr. Murry.

Ms. Michael can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by June 10, 2011. *See* 28 U.S.C.

---

[2] Rule 4(m) states that the 120-day deadline begins with the filing of the complaint. That filing took place on September 29, 2010. But the Court had a duty to screen the complaint because Ms. Michael is a prisoner who has sued governmental employees. *See* 28 U.S.C. § 1915A(b) (requiring screening for civil cases brought by prisoners against governmental employees). Thus, the Court gave the Plaintiff the benefit of seven additional days that the Court took for such screening. Order Requiring Service at p. 1 (Oct. 6, 2010); *see* Fed. R. Civ. P. 4(m) - advisory committee notes: 1993 Amendments ("The district court should . . . take care to protect pro se plaintiffs from consequences of confusion or delay attending the resolution of an in forma pauperis petition." (citation omitted)).

2

636(b)(1) (2009 supp.); Fed. R. Civ. P. 6(d), 72(b)(2). The failure to timely object would foreclose appellate review of the suggested ruling.[3]

The referral is not discharged.

Entered this 24th day of May, 2011.

Robert E. Bacharach
United States Magistrate Judge

---

[3] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").