IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

LINDA MICHAEL,                         )
                                       )
              Plaintiff,               )
                                       )
v.                                     )        Case No. CIV-10-1064-F
                                       )
MILLICENT NEWTON-EMBRY                 )
WARDEN, *et al.*,                      )
                                       )
              Defendants.              )

## REPORT AND RECOMMENDATION
## ON THE DEFENDANTS' MOTION TO DISMISS

Invoking state law and the federal constitution, Ms. Linda Michael alleges:

●      invalidity of a disciplinary conviction,

●      invalidity of Okla. Stat. tit. 57 § 566.3, and

●      failure to supply protection in violation of the Eighth Amendment.

Amended Complaint, Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at ECF[1] pp. 5-10

(Jan. 5, 2011) ("Second Amended Complaint").

Defendants Millicent Newton-Embry, Angela Johnson, Richard Arnold, John

Carothers, Debbie Morton, Ola Onajobi, Thomas Uzuegbunem, Sally Taylor, Dennis

Griffith, Kathy Conrad, Karen Johnson, the State of Oklahoma, and the Office of the

Attorney General have moved for dismissal.[2] *See* Defendants' Motion to Dismiss Plaintiff's

_____

[1]      "ECF p. __" refers to the official CMECF pagination.

[2]      Mr. Mike Murry has been named as a defendant, but has not been served. The claims against
Mr. Murry have been dismissed without prejudice. *See* Report and Recommendation Regarding the

Amended Complaint and Brief in Support (Apr. 4, 2011) ("Defendants' Motion to Dismiss").

The motion should be granted in part and denied in part.

<u>STANDARD FOR DISMISSAL</u>

The Defendants seek dismissal under Fed. R. Civ. P. 12(b)(6).[3] Defendants' Motion

to Dismiss at ECF p. 1.

In determining whether dismissal is appropriate, the Court considers whether Ms.

Michael has failed to plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

*Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citation omitted). In applying this standard,

the Court must assume the truth of all well-pleaded factual allegations in the second amended

---

Claims Against Mr. Mike Murry (May 24, 2011) (magistrate judge's report), *adopted*, Amended Order (June 8, 2011) (district judge's order).

[3] The Defendants have also cited Federal Rule of Civil Procedure 12(b)(1) in the section involving Eleventh Amendment immunity. *See* Defendants' Motion to Dismiss at ECF at pp. 1, 9. This rule addresses motions to dismiss based on a "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). The Supreme Court has not decided whether Eleventh Amendment immunity is based on subject-matter jurisdiction. *See Wisconsin Department of Corrections v. Schacht*, 524 U.S. 381, 391-92 (1998) (noting that the Supreme Court had not decided whether Eleventh Amendment immunity "is a matter of subject-matter jurisdiction"). Ultimately, the characterization of Eleventh Amendment immunity would prove immaterial here because the standard under Rules 12(b)(1) and 12(b)(6) is the same when the Defendants' challenge is based on the allegations in the complaint. *See Muscogee (Creek) Nation v. Oklahoma Tax Commission*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010) (construing a motion to dismiss under Fed. R. Civ. P. 12(b)(1) as a facial attack on the allegations in the complaint and applying "the same standards under Rule 12(b)(1) that are applicable to a Rule 12(b)(6) motion to dismiss for failure to state a cause of action").

complaint and construe them in the light most favorable to the Plaintiff. *See Bryson v. Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).

## ELEVENTH AMENDMENT IMMUNITY

Invoking the Eleventh Amendment, the State of Oklahoma and Office of the Attorney General seek dismissal of the claim regarding the constitutionality of Okla. Stat. tit. 57 § 566.3. Defendants' Motion to Dismiss at ECF pp. 9-10. The other movants, in their official capacities, seek dismissal of Ms. Michael's claims for monetary damages.[4] *Id.* The Court should order dismissal without prejudice of: (1) the claims against the State of Oklahoma/Office of Attorney General regarding the invalidity of Okla. Stat. tit. 57 § 566.3,[5] and (2) the damage claims against the other movants in their official capacities.

---

[4] In two places, the Defendants state that Ms. Michael has not requested an injunction. Defendants' Motion to Dismiss at ECF p. 10 n.3 ("Ms. Michael's Amended Complaint does not request injunctive relief . . . ."); Defendants' Reply to Plaintiff's Response to Motion to Dismiss and Brief in Support at p. 1 (Apr. 15, 2011) ("Ms. Michael's Amended Complaint is silent on injunctive relief."). Elsewhere, however, the Defendants acknowledge that Ms. Michael has requested an injunction in the form of expungement of the disciplinary conviction. Second Amended Complaint at ECF p. 13; *see* Defendants' Motion to Dismiss at ECF p. 4 (noting that Ms. Michael "seeks expungement of her misconduct conviction"). The Defendants also acknowledge that "a state official, named in his official capacity, can be sued for **injunctive relief** under *Ex Parte Young* doctrine." Defendants' Motion to Dismiss at ECF p. 10 n.3 (emphasis in original)); *see Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007) (holding that a request for an injunction, consisting of expungement, is prospective and is not barred by the Eleventh Amendment); *Elliott v. Hinds*, 786 F.2d 298, 302 (7th Cir. 1986) (concluding that injunctive relief, consisting of expungement of personnel records, "is clearly prospective in effect and thus falls outside the prohibitions of the Eleventh Amendment").

[5] In the second amended complaint, Ms. Michael stated that this cause of action was being asserted against "the Defendants the State of Oklahoma, the Office of the Attorney General, State Agencies and their agents acting under color of state law." Second Amended Complaint at ECF p. 8. This description is unclear, as the Attorney General's office is the only state agency mentioned in the amended complaint. *Id.* at ECF p. 4. Thus, the claim is apparently being brought against only the State of Oklahoma and the Office of the Oklahoma Attorney General.

The Eleventh Amendment bars suit in federal court against a state. *See Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). An exception exists when the state waives Eleventh Amendment immunity or it is abrogated by Congress. *See Chaffin v. Kansas State Fair Board*, 348 F.3d 850, 866 (10th Cir. 2003). But the State of Oklahoma has not waived its Eleventh Amendment immunity. *See* Okla. Stat. tit. 51 § 152.1(B) ("it is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution"). And Congress did not abrogate the states' Eleventh Amendment immunity through the enactment of Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Consequently, the Court should dismiss without prejudice the constitutional challenge to Okla. Stat. tit. 57 § 566.3.[6]

Dismissal without prejudice is also appropriate on the official capacity claims for damages against the other movants. For these state officials, the Eleventh Amendment continues to bar the action "if the state is the real, substantial party in interest." *Frazier v.*

---

[6]  *See Wideman v. Colorado*, 409 Fed. Appx. 184, 186 (10th Cir. Sept. 28, 2010) (unpublished op.) (affirming dismissal of Eleventh Amendment claims, but remanding with instructions to make the dismissal without prejudice), *cert. denied*, __ U.S. __, 131 S. Ct. 1474 (2011).

*Simmons*, 254 F.3d 1247, 1253 (10th Cir. 2001). These defendants are current employees of the Department of Corrections,[7] and the official capacity claims would be equivalent to a suit against the State.[8] Thus, the Eleventh Amendment forecloses assertion of an official capacity claim for monetary relief against Defendants Newton-Embry, A. Johnson, Arnold, Carothers, Morton, Onajobi, Uzuegbunem, Taylor, Griffith, Conrad, and K. Johnson. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 120 (1984). As a result, these claims should also be dismissed without prejudice. *See supra* note 6.

THE AVAILABILITY OF A REMEDY UNDER SECTION 1983
FOR THE CLAIMS CONCERNING THE DISCIPLINARY CONVICTION

In part, Ms. Michael challenges her disciplinary conviction based on denial of due process, free speech, and equal protection. Second Amended Complaint at ECF pp. 5-7.[9] The Defendants argue that her Section 1983 claims are premature and can only be raised in habeas proceedings. Defendants' Motion to Dismiss at ECF pp. 3-5. They are mistaken, and the Court should reject the argument for dismissal on this ground.

The Supreme Court held in *Heck v. Humphrey* that a state prisoner's claim for damages is not cognizable under Section 1983 if:

---

[7]    *See* Second Amended Complaint at ECF pp. 1-4.

[8]    *See Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989) (stating that a suit against a state official in his official capacity "is no different from a suit against the State itself" (citations omitted)).

[9]    In the second amended complaint, Ms. Michael also invokes an undefined "state statute" on her challenge to the disciplinary conviction. Second Amended Complaint at ECF p. 5.

- a judgment in his favor would necessarily imply the invalidity of his conviction or sentence and

- the courts have not previously invalidated the conviction or sentence through a direct appeal, order of expungement, decree of collateral relief, or writ of habeas corpus.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In *Edwards v. Balisok*, the Court extended this holding to a prisoner's loss of credits in disciplinary proceedings. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Thus, a suit for damages cannot proceed if judgment for the prisoner would necessarily imply the invalidity of a disciplinary conviction involving the loss of credits. *See id.* However, a Section 1983 claim remains available if "success in the action *would not necessarily* spell immediate or speedier release for the prisoner." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (emphasis in original).

Ms. Michael alleges that she is serving a life sentence imposed by a Florida state court.[10] Florida law provides two statutory limitations bearing on the availability of "gain-time" credits for persons serving life sentences. First, these credits are only available for persons serving sentences for a specified number of years. *See* Fla. Stat. tit. XLVII

---

[10] In the second amended complaint, Ms. Michael alleged discrimination "against lifers." Second Amended Complaint at ECF p. 6. The Court held a telephonic hearing to clarify whether the Plaintiff had intended to allege that she was serving a life sentence, and she responded in the affirmative. *See* Enter Order (May 12, 2011). The parties stipulated in the telephonic hearing that: "(1) the Plaintiff is serving a life sentence imposed by the District Court of Martin County, Florida in Case No. 92-502-CFA; and (2) the Court can consider, for purposes of the existing dispositive motions, the stipulated fact that Ms. Michael is currently subject to a life sentence in the Florida case." *Id.*

§ 944.275(2)(a) (reserving "gain-time" credits to sentences of "a term of years"). Second, the statute for "gain-time" credits provides that "[s]tate prisoners sentenced to life imprisonment shall be incarcerated for the rest of their natural lives, unless granted pardon or clemency." *See* Fla. Stat. tit. XLVII § 944.275(4)(b)(3). Based on these provisions, Florida courts have held that "gain-time" credits are unavailable for individuals serving life sentences.[11] Because the Plaintiff is ineligible for "gain-time" credits,[12] nullification of her disciplinary conviction would not necessarily quicken her release. In these circumstances, Ms. Michael's disciplinary challenge is not premature under Section 1983[13] and the Court should reject the Defendants' argument for dismissal based on prematurity of the claim.

---

[11] *See Clines v. Florida*, 912 So. 2d 550, 559 n.5 (Fla. 2005) (stating that the Florida statute, Section 944.275(b)(3), "prohibits the use of gain-time to reduce life sentences"); *Conionilli v. Florida*, 58 So. 3d 380, 381 n.1 (Fla. App. 2011) (noting that a person serving a life sentence in Florida was not eligible for "gain-time" credits because the pertinent statute applied only to sentences that were for a term of years).

[12] The Defendants state that Ms. Michael has alleged eligibility for earned credits. Defendants' Motion to Dismiss at ECF p. 5 ("Ms. Michael's allegation that she is eligible for earned credits must be accepted as true for purposes of a Rule 12(b)(6) motion"). But Ms. Michael did not make such an allegation in the second amended complaint.

[13] *See Worthen v. Oklahoma Department of Corrections*, 2010 WL 3295010, Westlaw op. at 16 (W.D. Okla. Aug. 4, 2010) (unpublished report and recommendation by magistrate judge) (because an Oklahoma inmate serving a life sentence was ineligible for expedited release, a challenge to his disciplinary conviction would not necessarily have implied the invalidity of his conviction or sentence and was cognizable under Section 1983), *adopted*, 2010 WL 3294999 (W.D. Okla. Aug. 19, 2010) (unpublished order by district judge); *see also Marshall v. Milyard*, 2011 WL 285563, Westlaw op. at 5 (10th Cir. Jan. 31, 2011) (unpublished op.) (because expungement of disciplinary conviction could only expedite consideration for parole, the district court erred in dismissing a Section 1983 claim as premature).

## SUFFICIENCY OF THE ALLEGATIONS
## REGARDING A DENIAL OF EQUAL PROTECTION

Defendant Morton denied relief on Ms. Michael's disciplinary appeal because the Plaintiff was "not entitled to a due process review" in light of her ineligibility for earned credits with her life sentence. Second Amended Complaint, Exh. 16. The Plaintiff alleges that this decision "discriminate[d] against lifers." Second Amended Complaint at ECF p. 6. The Defendants are entitled to dismissal of this claim.

On an equal protection claim, Ms. Michael must allege that she had been treated differently than similarly situated individuals. *See City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). Ordinarily, the Court considers whether "the challenged classification is rationally related to a legitimate governmental purpose." *Vasquez v. Cooper*, 862 F.2d 250, 252 (10th Cir. 1988) (citation omitted). More rigorous scrutiny is only appropriate when the "classification involves a suspect class or interferes with a fundamental right." *Riddle v. Mondragon*, 83 F.3d 1197, 1207 (10th Cir. 1996).

Ms. Michael attributes her unfavorable treatment to membership in a class, "lifers." However, inmates serving a life sentence are not a "suspect class."[14] And, the Plaintiff does

---

[14] *See*, *e.g.*, *Kissane v. Jones*, 89 Fed. Appx. 577, 578 (6th Cir. Mar. 11, 2004) (unpublished op.) ("Because neither a suspect class nor a constitutional right is involved in this claim, the different treatment of prisoners serving life sentences from that of prisoners serving a term of years need only satisfy the rational basis test [in an equal protection claim]." (citations omitted)); *Davis v. Freeman*, 86 F.3d 1149, 1996 WL 276323, Westlaw op. at 1 (4th Cir. May 24, 1996) (unpublished op.) ("inmates serving life sentences are not a suspect class"); *Whetstone v. Ellers*, 2009 WL 3055354, Westlaw op. at 9 (M.D. Pa. Sept. 24, 2009) (unpublished op.) ("those imprisoned for life . . . are not a suspect or quasi-suspect class" (citation omitted)); *Curtis v. Pataki*, 1997 WL 614285, Westlaw op. at 3 (N.D. N.Y. Oct. 1, 1997) (unpublished op.) ("Inmates serving sentences that have a maximum term of life are not a suspect classification." (citation omitted)).

not have a fundament right to a disciplinary appeal.[15]  Thus, the dispositive question is whether Ms. Michael has adequately alleged irrationality or illegitimacy of the governmental purposes in the disciplinary procedures for offenders serving life sentences.  Ms. Michael's three-word allegation, "discriminat[ion] against lifers," does not contain enough "factual content" to plausibly suggest irrationality of the disciplinary procedures or illegitimacy of the government's objectives.  *See supra* pp. 2-3, 8.

A similar issue arose in *Marshall v. Morton*, 2011 WL 1549516 (10th Cir. Apr. 26, 2011) (unpublished op.).  There prison authorities found a prisoner guilty of misconduct and refused to conduct an administrative appeal because the inmate would have been ineligible for earned credits under the "85% rule."  *Marshall v. Morton*, 2011 WL 1549516, Westlaw op. at 7 (10th Cir. Apr. 26, 2011) (unpublished op.).  The inmate claimed an equal protection violation, but failed to address the "legitimate penological purposes for treating these inmates differently."  *Id.*  The federal district court ordered dismissal for failure to state a valid equal protection claim, and the Tenth Circuit Court of Appeals affirmed.  *Id.*

*Marshall v. Morton* is persuasive.  Like the plaintiff in *Marshall*, Ms. Michael was unable to obtain an administrative appeal of her misconduct conviction because of her

---

[15]      *See Lowe v. Sockey*, 36 Fed. Appx. 353, 360 (10th Cir. April 2, 2002) (unpublished op.) (holding that the Fourteenth Amendment's Due Process Clause does not entitle an inmate to an appeal from a finding of guilt at a disciplinary hearing); *see also Hines v. Jones*, 2009 WL 3448222, Westlaw op. at 1, 7 (W.D. Okla .Oct. 21, 2009) (unpublished op.) ("an appeal is not constitutionally required in the context of prison discipline"), *affirmed*, 373 Fed. Appx. 890 (10th Cir. Apr. 22, 2010) (unpublished op.).

ineligibility for credits. Ms. Michael, like her counterpart in *Marshall*, has not alleged facts that would suggest irrationality in Ms. Morton's decision not to entertain the administrative appeal. Consequently, the Defendants are entitled to dismissal of this claim. Because the defect is potentially curable, however, the dismissal should be without prejudice.[16]

## FAILURE TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES

According to the Defendants, Ms. Michael failed to exhaust administrative remedies on her claim regarding a failure to supply protection.[17] Defendants' Motion to Dismiss at ECF pp. 12-14. The Defendants are not entitled to dismissal on this ground.

Federal law provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The Defendants argue that Ms. Michael had failed to allege compliance with "OP-090124" by filing a "RTS, Grievance, and Appeal" on each of the relevant claims. Defendants' Motion to Dismiss at ECF p. 13. But this argument misconstrues the Plaintiff's pleading burden.

---

[16] *See Gee v. Pacheco*, 627 F.3d 1178, 1185 (10th Cir. 2010) ("ordinarily the dismissal of a pro se claim under Rule12(b)(6) should be without prejudice" (citations omitted)).

[17] The Defendants make the same argument for the claim regarding denial of equal protection and the constitutionality of Okla. Stat. tit. 57 § 566.3. Defendants' Motion to Dismiss at ECF p. 12. As discussed above, however, these claims should be dismissed on other grounds. *See supra* pp. 3-4, 8-10.

Nonexhaustion of administrative remedies is an affirmative defense, and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Thus, the Court cannot dismiss an action under Rule 12(b)(6) for failure to allege satisfaction of the exhaustion requirement.[18]

On rare occasions, a plaintiff may plead facts that would conclusively show that he has not exhausted available administrative remedies.[19] In these cases, the complaint is subject to dismissal under Rule 12(b)(6) even though exhaustion is an affirmative defense rather than an element of the plaintiff's pleading burden.[20]

The Defendants' argument goes far beyond any allegations in the complaint. The Defendants suggest, without any reference to the second amended complaint, that OP-090124 required the filing of a request to staff, grievance, and appeal. Defendants' Motion to Dismiss at ECF p. 13. In the second amended complaint, the Plaintiff did not purport to identify all of the administrative steps that she had taken. But, in complaining about the

---

[18] *See Purkey v. CCA Detention Center*, 263 Fed. Appx. 723, 725-26 (10th Cir. Feb. 5, 2008) (unpublished op.) (reversing the district court's dismissal for nonexhaustion of administrative remedies when the court had improperly placed the pleading burden on the plaintiff).

[19] *See*, *e.g.*, *Aguilar-Aellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007) ("We believe that only in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse.").

[20] The Tenth Circuit Court of Appeals has stated: "*Jones [v. Bock]* suggests that district courts can dismiss prisoner complaints for failure to state a claim if it is clear from the face of the complaint that the prisoner has not exhausted his administrative remedies." *Aguilar-Aellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007) (citation omitted); *see supra* note 19.

failure to supply protection, Ms. Michael attached a request to staff,[21] alleged submission of a grievance,[22] and submitted documentation intended as an administrative appeal.[23]  When review is confined to the second amended complaint, as required, the Court cannot rule out the sufficiency of Ms. Michael's administrative steps.

Although the Plaintiff need not plead exhaustion, dismissal could be appropriate if she has gratuitously pled facts that would conclusively show a failure to complete the administrative process.  *See supra* p. 11 & notes 19-20.  That is not the case here.  The second amended complaint did not identify the administrative processes open to Ms. Michael or concede the failure to properly perfect an administrative appeal.  In these circumstances, the Court should reject the Defendants' argument for dismissal based on nonexhaustion of the claim involving a failure to supply protection.

SUFFICIENCY OF THE ALLEGATIONS
REGARDING A FIRST AMENDMENT VIOLATION

The Plaintiff's disciplinary conviction was based on her correspondence to an outside party.  *See* Second Amended Complaint at ECF pp. 5-6.  In part, Ms. Michael claims that the punishment had resulted in violation of her First Amendment right to free speech.  *Id.* at ECF

---

[21]    Second Amended Complaint, Exh. 23.

[22]    Second Amended Complaint at ECF p. 10.

[23]    Second Amended Complaint at ECF p. 10 & Exh. 33 (alleging an administrative appeal to the administrative review authority and attaching a grievance).

p. 7.  The Court should reject the Defendants' argument for dismissal of the First Amendment claim.

An inmate's interest in "uncensored communication by letter" is "grounded . . . in the First Amendment." *Procunier v. Martinez*, 416 U.S. 396, 418 (1974), *overruled on other grounds*, *Thornburgh v. Abbott*, 490 U.S. 401 (1989).  Thus, "[c]orrespondence between a prisoner and an outsider implicates the guarantee of freedom of speech . . . ." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996).  "'If prison officials cannot censor . . . statements made in letters to outsiders, they also may not punish an inmate for the contents of such letters.'" *Gandy v. Ortiz*, 122 Fed. Appx. 421, 423 (10th Cir. Feb. 10, 2005) (unpublished op.) (citations omitted)).

The Defendants assert that Ms. Michael's First Amendment rights are limited and that the language in the letter constituted "an unprotected activity."  Defendants' Motion to Dismiss at ECF p. 8.  In support, they assert that Ms. Michael had said in the letter that "'in prison it is dangerous for [the volunteer] to go behind an inmates [sic] back to a staff member with lies.  for [sic] [the volunteer's] safety, in the future this behavior could get her hurt . . . Back stabbing is a dangerous game." *Id.*  According to the Defendants, they had a legitimate penological interest in the regulation of this speech.

The threshold problem with this argument is that the Defendants are quoting a summary of the correspondence rather than Ms. Michael's actual letter. *Id.* (citing Second Amended Complaint, Exhibit 1).  On this summary, Ms. Michael had written: "Duly note:

The above excerpts from the two page letter and / Complaint were purposely taken out of context showing great prejudice." Second Amended Complaint, Exhibit 1.

The Defendants' argument for dismissal is based on the accuracy of their summary of Ms. Michael's letter. In considering the motion under Rule 12(b)(6), the Court cannot simply accept the Defendants' statement in their brief about what the letter had said. *See* LCvR 7.1(j) ("Factual statements or documents appearing only in briefs shall not be deemed to be a part of the record in the case . . . ."). The summary attached to the second amended complaint does not support the Defendants' argument, as Ms. Michael alleged that the document had taken her statements out of context. *See supra* pp. 13-14. Because review is confined to the second amended complaint and its attachments,[24] the Court cannot resolve the issue through a motion to dismiss. *See supra* pp. 2-3.

The second amended complaint contains allegations that Ms. Michael had written a letter to an outside individual and that prison officials had sanctioned her for this expression of speech. These allegations constitute a valid claim for relief under the First Amendment,[25] and the face of the second amended complaint does not reflect a legitimate penological

---

[24]     *See*, *e.g.*, *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) ("[t]he nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint" (citation omitted)); *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) ("in deciding a motion to dismiss pursuant to Rule 12(b)(6), a court may look both to the complaint itself and to any documents attached as exhibits to the complaint" (citations omitted)).

[25]     *See Nielander v. Board of County Commissioners*, 582 F.3d 1155, 1167 (10th Cir. 2009) (*dictum*) (indicating that a genuine issue of material fact had existed regarding the characterization of two statements as "true threats").

interest in the regulation of her correspondence. Consequently, the Court should reject the Defendants' argument for dismissal of the First Amendment claim.[26]

## RECOMMENDED RULINGS

Dismissal without prejudice is necessary on:

- the claims against the State of Oklahoma/Office of Attorney General regarding the constitutionality of Okla. Stat. tit. 57 § 566.3,

- the monetary damage claims against Millicent Newton-Embry, Angela Johnson, Richard Arnold, John Carothers, Debbie Morton, Ola Onajobi, Thomas Uzuegbunem, Sally Taylor, Dennis Griffith, Kathy Conrad, and Karen Johnson in their official capacities, and

- the personal capacity claims against these individuals for damages based on a denial of equal protection.

The Court should reject the Defendants' arguments for dismissal on the personal-capacity claims for damages against Ms. Newton-Embry, Ms. A. Johnson, Mr. Arnold, Mr. Carothers, Ms. Morton, Mr. Onajobi, Mr. Uzuegbunem, Ms. Taylor, Mr. Griffith, Ms. Conrad, and Ms. K. Johnson for irregularities in the disciplinary proceedings, failure to supply protection, and violation of the First Amendment. The official-capacity claims against these parties for an injunction would be unaffected by the Defendants' motion to dismiss.[27]

---

[26]     *See Martin v. Snyder*, 329 F.3d 919, 921 (7th Cir. 2003) (unless the plaintiff "plead[s] himself out of court," the existence of a penological justification "is a defense that cannot be adjudicated under Rule 12(b)(6)").

[27]     A claim for expungement is cognizable against the government employees only in their official capacities. *See Raine v. Carlson*, 826 F.2d 698, 703 (7th Cir. 1987) (stating that a claim for expungement had to be brought against the defendants in their official capacities because this relief could be effected by "officials" but not "private individuals").

## NOTICE OF THE RIGHT TO OBJECT

The parties can object to this report and recommendation. To object, the party must file an objection with the Clerk of this Court by July 5, 2011. *See* Fed. R. Civ. P. 6(a)(1)(C), 6(a)(6)(A), 6(d), 72(b)(2); 28 U.S.C. § 636(b)(1). The failure to timely object would foreclose appellate review of the suggested rulings.[28]

## STATUS OF THE REFERRAL

The present report does not discharge the referral.

Entered this 15th day of June, 2011.

Robert E. Bacharach
United States Magistrate Judge

---

[28]     *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").