IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

LINDA MICHAEL,                        )
                                      )
            Plaintiff,                )
                                      )
v.                                    )    Case No. CIV-10-1064-F
                                      )
MILLICENT NEWTON-EMBRY                )
WARDEN, *et al.*,                     )
                                      )
            Defendants.               )

**REPORT AND RECOMMENDATION REGARDING THE PLAINTIFF'S
MOTION TO WAIVE EXHAUSTION OF ADMINISTRATIVE REMEDIES**

The Plaintiff has asserted claims under 42 U.S.C. § 1983 and state law. In connection

with the parties' respective dispositive motions, the Plaintiff has moved for a "waiver" of the

duty to exhaust her claim involving a failure to provide protection.[1] The Court should deny

the motion.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), mandates exhaustion of

administrative remedies, and this Court cannot waive or excuse the exhaustion requirement.[2]

Thus, the Plaintiff's motion to waive the exhaustion requirement should be denied.

Ms. Michael's motion could be interpreted as a suggestion that she lacks further

administrative remedies. But that argument would involve an issue raised in the Defendants'

---

[1]      Plaintiffs [sic] Motion for Waiver of Exhaustion Proposition Four at pp. 1-2 (May 11, 2011).

[2]      *See Beaudry v. Corrections Corporation of America*, 331 F.3d 1164, 1167 n.5 (10th Cir.
2003) (*per curiam*) ("The statutory exhaustion requirement of § 1997e(a) is mandatory, and the
district court was not authorized to dispense with it." (citations omitted)).

motion to dismiss and the Plaintiff has not sought or received permission to file a supplemental brief.[3] Accordingly, the Court should deny Ms. Michael's motion to waive the exhaustion requirement.

The Plaintiff can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by July 5, 2011.[4] The failure to timely object would foreclose appellate review of the suggested ruling.[5]

The referral is discharged. If the Court adopts the prior reports on the parties' dispositive motions, the undersigned would suggest recommitment for further proceedings.

Entered this 16th day of June, 2011.

*Robert E. Bacharach*

Robert E. Bacharach
United States Magistrate Judge

---

[3]     *See* LCvR 7.1(i) ("Supplemental briefs may be filed only upon motion and leave of Court.").

[4]     *See* 28 U.S.C. 636(b)(1) (2009 supp.); Fed. R. Civ. P. 6(a)(1)(C), 6(a)(6)(A), 6(d), 72(b)(2).

[5]     *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").