IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDA MICHAEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-10-1064-F |
| ) | |
| MILLICENT NEWTON-EMBRY ) | |
| WARDEN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION ON THE
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Ms. Linda Michael has sued prison and state officials under 42 U.S.C. § 1983, alleging:

- deprivation of due process through a disciplinary conviction,

- denial of free speech,

- invalidity of Okla. Stat. tit. 57 § 566.3,

- failure to supply protection in violation of the Eighth Amendment, and

- denial of equal protection.

Amended Complaint, Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at ECF[1] pp. 5-10 (Jan. 5, 2011) ("Second Amended Complaint").

Defendants Millicent Newton-Embry, Angela Johnson, Richard Arnold, John Carothers, Debbie Morton, Ola Onajobi, Thomas Uzuegbunem, Sally Taylor, Dennis

---

[1] "ECF p. __" refers to the CMECF pagination.

Griffith, Kathy Conrad, Karen Johnson, the State of Oklahoma, and the Office of the Attorney General moved for dismissal and the Court dismissed without prejudice:

- the claims against the State of Oklahoma/Office of Attorney General regarding the constitutionality of Okla. Stat. tit. 57 § 566.3,

- the monetary damage claims against Millicent Newton-Embry, Angela Johnson, Richard Arnold, John Carothers, Debbie Morton, Ola Onajobi, Thomas Uzuegbunem, Sally Taylor, Dennis Griffith, Kathy Conrad, and Karen Johnson in their official capacities, and

- the personal capacity claims against these individuals for damages based on a denial of equal protection.

Order at pp. 2-3 (Sept. 8, 2011). This ruling left the official capacity claim for expungement of the disciplinary conviction and the individual capacity claims involving:

- deprivation of due process through a disciplinary conviction,

- failure to supply protection, and

- violation of the First Amendment.

*See* Report and Recommendation on the Defendants' Motion to Dismiss at p. 16 (June 15, 2011), *adopted*, Order (Sept. 8, 2011).

The Defendants move for summary judgment on the remaining claims. *See* Defendants' Motion for Summary Judgment and Brief in Support (Dec. 5, 2011) ("Defendants' Motion for Summary Judgment"). The motion should be granted.

<u>STANDARD FOR SUMMARY JUDGMENT</u>

The Court should grant summary judgment when "there is no genuine dispute as to any material fact and [the movants are] entitled to judgment as a matter of law." Fed. R. Civ.

P. 56(a).  Parties may establish the existence or nonexistence of a material disputed fact through:

- submission of "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials; or"

- "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Fed. R. Civ. P. 56(c)(1)(A)-(B).  When a summary judgment motion is filed, "[t]he court views the record and draws all favorable inferences in the light most favorable to the non-moving party."  *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005) (citation omitted).

### THE DEFENDANTS' CHALLENGE TO MS. MICHAEL'S *PRIMA FACIE* CASE ON THE DUE PROCESS CLAIM

The Defendants are entitled to summary judgment on the due process claim arising out of the disciplinary conviction.

On the due process claim, the Defendants attack the Plaintiff's *prima facie* case.  *See* Defendants' Motion for Summary Judgment at ECF pp. 21-26.  Consequently, the Defendants need only to produce evidence negating an essential element of the claim or to show that the Plaintiff lacks evidence to carry her burden.  *See Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008).  If the Defendants satisfy their burden of production, the Plaintiff would incur a duty to present evidence creating "an inference of the existence of each element essential to the case with respect to which [she] has the burden of proof."  *Terra*

*Venture, Inc. v. JDN Real Estate-Overland Park, L.P.*, 443 F.3d 1240, 1243 (10th Cir. 2006) (citations omitted). In the absence of such evidence, the Defendants would be entitled to summary judgment on the due process claim. *See id.*

"The Fourteenth Amendment prohibits states from depriving citizens of liberty without due process of law." *Wilson v. Jones*, 430 F.3d 1113, 1117 (10th Cir. 2005). Thus, a prisoner is entitled to due process before she is subjected to disciplinary actions that "'inevitably affect the duration of [her] sentence.'" *Id.* (citations omitted).

Prison officials found Ms. Michael guilty of "menacing" and sanctioned her with revocation of 365 credits and restriction to Level 1 for 90 days.[2] *See* Second Amended Complaint at ECF p. 7; Defendants' Motion for Summary Judgment, Exh. 14. The Defendants argue in part that the Plaintiff lacked a right to due process before the imposition of these sanctions. They are correct.

The parties have stipulated that Ms. Michael is serving a life sentence imposed by a Florida state court. *See* Enter Order (May 12, 2011). Under Florida law, an inmate serving a life sentence is ineligible for "gain-time" credits towards early release.[3] Consequently, the

---

[2] The second amended complaint and prison documents indicate that the sanctions had included disciplinary segregation for 30 days. *See* Second Amended Complaint at ECF p. 7; Defendants' Motion for Summary Judgment, Exh. 14. But in her response, Ms. Michael states that she was not placed in segregation as a form of punishment, that her transfer there was "erroneous," and that she "has **NEVER** raised this issue in her 1983 complaint." Plaintiff's Response to Defendant's Motion for Summary Judgement Rule 56 at ECF pp. 10, 15 & Exh. 2 at ECF p. 1 (Dec. 27, 2011) (emphasis in original) ("Plaintiff's Response").

[3] Florida law provides two statutory limitations bearing on the availability of "gain-time" credits for persons serving life sentences. First, these credits are only available for persons serving sentences for a specified number of years. *See* Fla. Stat. tit. XLVII § 944.275(2)(a) (reserving "gain-

deduction of credits or reclassification would not "inevitably affect the duration of [Ms. Michael's] sentence." *Supra* p. 4 (citation omitted).[4]

A similar issue arose in *Marshall v. Morton*, 421 Fed. Appx. 832 (10th Cir. Apr. 26, 2011) (unpublished op.), *cert. denied*, __ U.S. __, 132 S. Ct. 1020 (2012). There authorities found the plaintiff guilty of misconduct and placed him in segregation for 30 days, revoked 365 days of earned credits, and reduced his classification to Level 1 for 90 days. *See Marshall v. Morton*, 421 Fed. Appx. 832, 834 (10th Cir. Apr. 26, 2011) (unpublished op.), *cert. denied*, __ U.S. __, 132 S. Ct. 1020 (2012). The plaintiff sued under Section 1983, alleging a deprivation of due process. *See id.* The Tenth Circuit Court of Appeals concluded

---

time" credits to sentences of "a term of years"). Second, the statute for "gain-time" credits provides that "[s]tate prisoners sentenced to life imprisonment shall be incarcerated for the rest of their natural lives, unless granted pardon or clemency." *See* Fla. Stat. tit. XLVII § 944.275(4)(b)(3). Based on these provisions, Florida courts have held that "gain-time" credits are unavailable for individuals serving life sentences. *See Clines v. Florida*, 912 So. 2d 550, 559 n.5 (Fla. 2005) (stating that the Florida statute, Section 944.275(b)(3), "prohibits the use of gain-time to reduce life sentences"); *Conionilli v. Florida*, 58 So. 3d 380, 381 n.1 (Fla. App. 2011) (noting that a person serving a life sentence in Florida was not eligible for "gain-time" credits because the pertinent statute applied only to sentences that were for a term of years).

[4]     The Defendants listed Ms. Michael's ineligibility for "gain-time" as an undisputed fact, and Ms. Michael stated that this assertion was "false." Plaintiff's Response at ECF p. 6, No. 24 (disputing Defendants' Motion for Summary Judgment at ECF p. 14, No. 24). In support, the Plaintiff cites Fla. Stat. tit. XLVII § 944.275 and portions of the Florida Administrative Code for a "vested liberty interest in mandatory gain time awards." *Id.* at ECF p. 14. But, even if other inmates had a liberty interest in gain-time credits, Ms. Michael would still have been in eligible for these credits. *See supra* pp. 4-5 n.3. Indeed, Ms. Michael has acknowledged that invalidation of her disciplinary conviction "would not result in an immediate or speedier release." Plaintiffs Reply to Defendants Response to Plaintiffs Motion for Summary Judgement and Brief in Support at ECF p. 7 (Apr. 13, 2011).

5

that revocation of credits or reclassification would not implicate a protected liberty interest.

*Id.* at 837-38. The court explained:

> This court has previously concluded that a mandatory reduction in the rate at which a prisoner earns good time credits based on a misconduct conviction implicates a prisoner's protected liberty interest by "inevitably affect[ing] the duration of his sentence." However, even assuming the reduction to his inmate classification level was mandatory as a result of his misconduct conviction, the fact that this change reduced the rate at which Marshall could receive earned credits had no effect on the duration of his sentence. Marshall's sentence was subject to the 85% rule and, as a result, he was ineligible to receive earned credits.

*Id*. at 838 (citation omitted).

*Marshall* is persuasive and would entitle the Defendants to summary judgment on the due process claim. The removal of credits and reclassification did not affect a protected liberty interest, and the Plaintiff cannot establish a right to due process.

THE DEFENDANTS' AFFIRMATIVE DEFENSE OF
NONEXHAUSTION OF ADMINISTRATIVE REMEDIES ON THE
<u>CLAIMS INVOLVING THE FIRST AND EIGHTH AMENDMENTS</u>

According to the Defendants, Ms. Michael failed to properly exhaust administrative remedies on her claims regarding denial of free speech and failure to supply protection. *See* Defendants' Motion for Summary Judgment at ECF pp. 19-21. The Defendants are entitled to judgment as a matter of law on this defense.

I.  Application of the Standard for Summary Judgment

Because exhaustion involves an affirmative defense,[5] the Defendants bear the burden of proof.[6] As a result, the Defendants must demonstrate the absence of a disputed material fact on the issue of exhaustion. *See Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997). If the Defendants satisfy this burden, Ms. Michael would incur a duty to "demonstrate with specificity the existence of a disputed material fact." *Id.* In the absence of such a showing, the Defendants would be entitled to summary judgment on the affirmative defense. *See id.*

II. The Statutory Exhaustion Requirement

Federal law provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (2006). This law "requires proper exhaustion" of the prison's administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 92 (2006).

---

[5] *See Jones v. Bock*, 549 U.S. 199, 216 (2007) (concluding "that failure to exhaust is an affirmative defense under the [Prison Litigation Reform Act]").

[6] *See Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007) ("We . . . hold that the burden of proof for the exhaustion of administrative remedies in a suit governed by the [Prison Litigation Reform Act] lies with the defendant.").

III. <u>The Administrative Process</u>

To properly exhaust the claims at the administrative level, Ms. Michael had to follow the "Offender Grievance Process" set forth in Department of Corrections OP-090124. *See* Defendants' Motion for Summary Judgment, Exh. 6.

The first requirement involved an attempt to informally resolve the issue with the relevant staff member. *See id.*, Exh. 6 at ECF p. 6. If that attempt proved unsuccessful, Ms. Michael could file a request to staff. *See id.* If the Plaintiff remained dissatisfied, she would enjoy the opportunity to file a grievance. *See id.*, Exh. 6 at ECF p. 7. If the Plaintiff remained dissatisfied at that level, she could appeal to the administrative review authority. *See id.*, Exh. 6 at ECF p. 11. Ms. Michael could also appeal to the administrative review authority if her facility-level grievance went unanswered for 30 days. *See id.*, Exh. 6 at ECF p. 9.

IV. <u>Ms. Michael's Exhaustion Attempt</u>

The Defendants provide evidence that Ms. Michael never filed any grievances with the administrative review authority about the alleged violation of her right to free speech,[7] and the Plaintiff does not respond with any evidence that she did so. *See* Plaintiff's Response, *passim*.[8] In the absence of proof regarding a grievance addressing the right to free

---

[7] *See* Defendants' Motion for Summary Judgment, Exh. 8 (affidavit of Debbie Morton, testifying that the only grievance received from Ms. Michael was "ARA 11-991"); *id.*, Exh. 9 at ECF pp. 2-3 (copy of grievance "ARA 11-991," which did not mention a violation of free speech).

[8] Ms. Michael did mention "freedom of speech" in her misconduct appeal. *See* Defendants' Motion for Summary Judgment, Exh. 15 at ECF p. 2. However, the proper avenue for exhaustion of this claim was through the Department of Corrections administrative process detailed above and

speech, the Defendants are entitled to summary judgment on the Plaintiff's claim arising under the First Amendment.

On the Eighth Amendment claim, the parties do not dispute the filing of a grievance with the administrative review authority. There Ms. Michael complained that prison officials had improperly declined to answer based on alleged procedural defects in the request to staff and grievances. *See* Defendants' Motion for Summary Judgment, Exh. 9 at ECF pp. 2-3; Plaintiff's Response at ECF p. 6. The Plaintiff presents evidence suggesting that she never received a response to this grievance and argues that any further remedies were unavailable. Plaintiff's Response at ECF pp. 11-12.

The Defendants do not contest Ms. Michael's evidence. The Court can assume *arguendo* that Ms. Michael had no further available remedy. However, the undisputed evidence shows that Ms. Michael would have run out of options only because she had improperly submitted her grievance and prematurely sued. Thus, the Defendants are entitled to summary judgment on this issue.

---

the Plaintiff's mention of the issue in a misconduct appeal is insufficient. *See Carr v. Brill*, 187 Fed. Appx. 902, 905 (10th Cir. July 10, 2006) (unpublished op.) (holding that assertion of a claim in a misconduct appeal "fails to fulfill the purposes of requiring exhaustion of administrative remedies when the grievance process is also available"); *see also Thomas v. Parker*, 2011 WL 976694, Westlaw op. at 7-8 (W.D. Okla. Feb. 11, 2011) (unpublished report and recommendation by magistrate judge) ("Plaintiff cannot rely on the appeal of the misconduct conviction as satisfaction of § 1997e(a)'s exhaustion requirement." (citation omitted)), *adopted*, 2011 WL 996788 (W.D. Okla. Mar. 17, 2011) (unpublished order by district judge).

The administrative procedures direct that when a grievance is filed to allege a lack of response at the facility level, "[t]he grievance submitted to the administrative review authority . . . may assert only that the offender's grievance was not answered." Defendants' Motion for Summary Judgment, Exh. 6 at ECF p. 9. Ms. Michael did file a grievance, complaining in part about the failure to respond to her earlier grievance. Second Amended Complaint, Exh. 4 at ECF p. 3. But in the second grievance, Ms. Michael also complained about other issues, submitted the document too early, and improperly included an attachment. *Id.* Indeed, Ms. Michael admits that the second grievance "was procedurally deficient."[9]

At that point, Ms. Michael sued, cutting off the ability to continue pursuit of administrative remedies. *See* Defendant's Motion for Summary Judgment, Exh. 6 at ECF p. 4 (stating that grievances cannot be submitted on matters already in litigation). But there were no more administrative steps available only because Ms. Michael's earlier grievance was admittedly deficient and she then sued before she could correct her procedural errors. This use of the administrative process can hardly be regarded as "proper."[10] Accordingly,

---

[9] Defendants' Motion for Summary Judgment at ECF p. 11; *see* Plaintiff's Response at ECF p. 6, No. 6 (admitting the truth of Defendants' Fact No. 6, which had addressed the procedural deficiency of "ARA 11-991").

[10] *See supra* p. 7 (stating that exhaustion requires proper use of the administrative procedures); *see also Thomas v. Parker*, 609 F.3d 1114, 1118-19 (10th Cir. 2010) (holding that a prisoner's failure to properly follow the procedural requirements for a grievance would leave the claim unexhausted), *cert. denied*, __ U.S. __, 131 S. Ct. 1691 (2011).

the Court should grant summary judgment to the Defendants based on nonexhaustion of administrative remedies.[11]

## RECOMMENDED RULING

The Defendants are entitled to summary judgment on the remaining claims.

## NOTICE OF THE RIGHT TO OBJECT

The parties can object to this report. To object, the party must file an objection with the Clerk of this Court by April 26, 2012. *See* Fed. R. Civ. P. 6(d), 72(b)(2); 28 U.S.C.A. § 636(b)(1) (2011 supp.). The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## STATUS OF THE REFERRAL

The referral is not discharged.

Entered this 9th day of April, 2012.

Robert E. Bacharach
United States Magistrate Judge

---

[11] In light of this conclusion, the Court need not address the Defendants' other arguments for summary judgment.