IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDA MICHAEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CIV-10-1064-F |
| | ) |
| MILLICENT NEWTON-EMBRY, | ) |
| WARDEN, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

United States Magistrate Judge Robert E. Bacharach has issued two report and recommendations in connection with plaintiff, Linda Michael's action under 42 U.S.C. § 1983. The first, issued on April 9, 2012, recommends the court to grant summary judgment in favor of defendants as to plaintiffs' remaining claims. *See*, Report and Recommendation on the Defendants' Motion for Summary Judgment (doc. no. 104).[1] The second, issued on April 12, 2012, recommends dismissal of plaintiff's motion for a preliminary injunction with respect to prison conditions on grounds of mootness. *See*, Report and Recommendation on the Plaintiff's Motion for a Preliminary Injunction (doc. no. 105).

---

[1] Plaintiff's remaining claims are the official capacity claim for expungement of the disciplinary conviction and the individual capacity claims involving deprivation of due process through a disciplinary conviction, failure to supply protection and violation of the First Amendment. In an order filed September 8, 2011 (doc. no. 70), the court previously dismissed without prejudice the claims against the State of Oklahoma/Office of Attorney General regarding the constitutionality of Okla. Stat. tit. 57 § 566.3, the monetary damage claims against Millicent Newton-Embry, Angela Johnson, Richard Arnold, John Carothers, Debbie Morton, Ola Onajobi, Thomas Uzuegbunem, Sally Taylor, Dennis Griffith, Kathy Conrad, and Karen Johnson in their official capacities and the personal capacity claims against these individuals for damages based on a denial of equal protection. The court, in an amended order filed June 8, 2011 (doc. no. 61), also previously dismissed without prejudice the claims against Mike Murry.

Plaintiff, Linda Michael, has timely filed objections to each of the report and recommendations. In addition, Ms. Michael has filed a motion for preliminary injunction, wherein she seeks to preclude officials with the Department of Corrections (DOC) from using the administrative exhaustion defense where the officials have actual and constructive knowledge of fatal defects of the grievance process. Ms. Michael also seeks an injunction to revise the grievance process in DOC OP-090124. Ms. Michael has further filed a motion requesting the court to hold this action in abeyance until a final disposition of her petition for writ of habeas corpus currently pending in Case No. CIV-11-1294-D.

At the outset, the court declines to hold this action in abeyance pending final disposition of her habeas corpus action. Ms. Michael has failed to present sufficient justification to hold this matter in abeyance. The court notes that Magistrate Judge Bacharach has issued a report and recommendation in the habeas corpus action recommending that respondents' motion for summary judgment be granted on the grounds of timeliness. In the court's view, there is no reason for the court to stay these § 1983 proceedings pending a resolution of the habeas corpus action under 28 U.S.C. § 2241.

Pursuant to 28 U.S.C. § 636(b)(1), the court has conducted a de novo review of those portions of the report and recommendations to which Ms. Michael has objected. The court, in its de novo review, has also considered the additional authority cited by Ms. Michael. *See*, "Plaintiff's Judicial Notice Fed. R. Evid. 201 (a)(b)," (doc. no. 112). Upon due consideration of the matter, the court concurs with the recommended rulings of Magistrate Judge Bacharach in each of the report and recommendations. The court agrees with the analysis of Magistrate Judge Bacharach that summary judgment should be granted in favor of defendants on plaintiff's remaining claims. The court specifically rejects Ms. Michael's arguments and finds

them to be without merit. The court finds no further analysis of the issues is warranted. In addition, the court agrees with the analysis of Magistrate Judge Bacharach that the granting of defendants' motion for summary judgment moots plaintiff's motion for a preliminary injunction. The court therefore accepts, adopts and affirms each of the report and recommendations issued by Magistrate Judge Bacharach.

As stated, Ms. Michael has filed a motion for preliminary injunction seeking to preclude DOC officials from using the administrative exhaustion defense where the officials have actual and constructive knowledge of the fatal defects in their grievance process. She also requests an injunction to revise the grievance process in DOC OP-090124. It appears plaintiff's motion presents additional arguments in support of her objection to the report and recommendation relating to defendants' motion for summary judgment. To the extent the motion should be construed as part of plaintiff's objection to the report and recommendation, the court declines to consider the additional arguments. The court finds that the arguments were not sufficiently presented in Ms. Michael's response to defendants' summary judgment motion and deems the arguments waived. United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories presented for the first time in objections to the magistrate judge's report are deemed waived."); Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues presented for the first time in objections to the magistrate judge's recommendation are deemed waived.") To the extent the motion should be construed as one for preliminary injunction, as requested, the court finds that the motion should be denied. The court finds that Ms. Michael has failed to satisfy the requirements for issuance of a preliminary injunction under Rule 65, Fed. R. Civ. P. Kansas Judicial Watch v. Stout, 653 F.3d 1230, 1233 n. 2 (10th Cir. 2011) (setting forth requirements to secure a preliminary injunction).

Accordingly, Plaintiff's Motion for Abeyance of 42 U.S.C.A. § 1983 (doc. no. 111) is **DENIED**.  The Report and Recommendation on Defendants' Motion for Summary Judgment (doc. no. 104) is **ACCEPTED**, **ADOPTED** and **AFFIRMED**. Defendants' Motion for Summary Judgment (doc. no. 86) is **GRANTED**.  The Report and Recommendation on the Plaintiff's Motion for a Preliminary Injunction (doc. no. 105) is **ACCEPTED**, **ADOPTED** and **AFFIRMED**.  Plaintiff's Motion for a Preliminary Injunction Fed. R. Civ. P. 65 (a) (b) / Appropriate Remedies with Respect to Prison Conditions 18 U.S.C. § 3626(a)(1)(2) (doc. no. 96) is **DENIED**.  Plaintiff's Motion for a Preliminary Injunction to OP-090124 O.D.O.C. Administrative Grievance Procedure - Equitable Estoppel Affirmative Exhaustion Defense, Fed. R. Civ. P. 65(a) (b) (doc. no. 109) is **DENIED**.

DATED May 9, 2012.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

10-1064p007.wpd